UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

COPY BY ___ *JC*

2005 FEB 17 PM 1: 20

CLA......
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

HIDALGO CORP.,

      Plaintiff,

v.

J. KUGEL DESIGNS, INC.,
JULIE SABIN a/k/a JULIE A.
KUGEL a/k/a JULIE K. MOSKOWITZ,
and ROBERT SABIN a/k/a
ROBERTO SABATINO,

      Defendants.

_____/

# 05-20476

## CIV-JORDAN

**MAGISTRATE JUDGE
BROWN**

## COMPLAINT

Plaintiff, Hidalgo Corp. ("Hidalgo"), sues Defendants, J. Kugel Designs, Inc. ("J. Kugel Designs"), Julie Sabin a/k/a Julie A. Kugel a/k/a Julie K. Moskowitz ("Julie"), and Robert Sabin a/k/a Roberto Sabatino ("Robert") and states:

## PARTIES

1.    Plaintiff, Hidalgo Corp., is a Florida corporation with its principal place of business located at 14 N.E. First Avenue, Suite 805, Miami, Florida 33131. The Plaintiff is engaged in the business of manufacturing and distributing jewelry of its original designs under the Federally registered trademark HIDALGO (the "Hidalgo Mark").

2.    Defendant, J. Kugel Designs, Inc., is a Florida corporation with its principal place of business located at 7040 West Palmetto Park Road, Suite 530, Boca Raton, Florida 33433.

WOLFE & GOLDSTEIN, P.A. • 550 Brickell Avenue, Penthouse Suite • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116



3.      Defendant, Julie Sabin a/k/a Julie A. Kugel a/k/a Julie K. Moskowitz, is an individual, who upon information and belief, resides in Palm Beach County, Florida, who owns and/or controls J. Kugel Designs, Inc.

4.      Defendant, Robert Sabin a/k/a Roberto Sabitino, is an individual, who upon information and belief, resides in Palm Beach County, Florida, who owns and/or controls J. Kugel Designs, Inc.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1332 and 1338, and 15 U.S.C § 1121, 1114, 1116, 1121 and 1125(a).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and §1400(a) in this district since the infringement activities set forth herein have been directed into this district.

## FACTS

7.      Plaintiff is the owner of the following United States Federal Trademark Registration:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| HIDALGO | 1,976,800 | May 28, 1996 |

which is registered in Class 14 (U.S. CLS. 2, 27, 28 and 50) and is used in the connection with the manufacture and  distribution of Hidalgo's jewelry.  A copy of the Hidalgo Mark is attached hereto as Exhibit "A" and hereinafter called the "Hidalgo Mark."

8.      The Hidalgo Mark has been used to identify and distinguish its high quality jewelry since 1984.

2

9.     The Hidalgo Mark has never been assigned or licensed to the Defendants in this matter.

10.     The Hidalgo Mark is a symbol of the Plaintiff's quality, reputation and goodwill and has never been abandoned.  Further, the Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Hidalgo Mark.

11.     As a result of the Plaintiff's efforts, members of the consuming public readily identify jewelry bearing the Hidalgo Mark as being high quality merchandise sponsored and approved by the Plaintiff.

12.     Upon information and belief, at all time relevant hereto, the Defendants had full knowledge of Plaintiff's ownership of the Hidalgo Mark, including its exclusive right to use and license the Mark and the goodwill associated therewith.

13.     On or about 2002, Hidalgo created a copyright to an original design of a ring. encompassing hearts in a row (the "Hearts Ring").  On April 15, 2004, Hidalgo registered ownership of the copyright to the Hearts Ring with the U.S. Copyright Office on Form VA ("Hidalgo Copyright"), a true and correct copy of which is attached hereto as Exhibit "B".

14.     On or about March 5, 1999, Julie and/or Robert Kugel registered J. Kugel Designs as a Florida corporation with the Florida Department of State, Division of Corporations.  On or about September 22, 2000, the Florida Department of State, Division of Corporations dissolved that corporation due to Julie's failure to file the mandatory corporate annual report.

15.     Notwithstanding the dissolution of J. Kugel Designs, Julie and Robert continued to operate a business in Florida for the purpose of selling jewelry to the public.

16.     Hidalgo never authorized Julie, Robert or J. Kugel to represent themselves as a representative of Hidalgo, however, Julie, Robert and J. Kugel have represented themselves as an

3

authorized Hidalgo agent.   Hidalgo only sells its proprietary jewelry through a network of authorized representatives.

17.    On or about May 6, 2003, a customer of J. Kugel Designs, Stephanie Patterson ("Patterson"), notified Hidalgo that Julie was representing herself as an authorized Hidalgo retailer and that the Defendants were selling imitation Hidalgo jewelry, using the Hidalgo trademark and copying Hidalgo's copyrighted designs, including the Hearts Ring, on similar but yet inferior quality goods.

18.    On or about October, 2004, Corinne Lerman ("Lerman"), contacted Hidalgo to notify them that in April, 2004 she had purchased three (3) "Hidalgo" including the Hearts Ring at the International Gem and Jewelry Show in Baltimore, Maryland from Julie and J. Kugel Designs which she believed were not genuine Hidalgo rings.

19.    On or about October 13, 2004, Robert re-registered J. Kugel Designs with the Florida Department of State, Division of Corporations with the same principal address registered by Julie.

20.    The jewelry being sold by the Defendants' as "Hidalgo jewelry" is of a quality substantially inferior to that of the Plaintiff's genuine jewelry.  Despite the inferior nature of the Defendants' jewelry and the knowledge that they are without authority to represent they are an authorized Hidalgo representative, and without authority to use Hidalgo's trademarks and copyright, the Defendants have promoted, advertised and sold substantial qualities of imitation Hidalgo jewelry, with the knowledge that such jewelry will be mistaken for the genuine high quality jewelry offered for sale by the Plaintiff.  The net effect of the Defendants' actions will result in the confusion of consumers who will believe the Defendants' imitation jewelry is

WOLFE & GOLDSTEIN, P.A. • 550 Brickell Avenue, Penthouse Suite • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116

genuine jewelry originating from and approved by the Plaintiff and/or to dilute the quality and reputation of the Plaintiff's jewelry.

21.     Upon information and belief, the Defendants are selling imitation Hidalgo jewelry and advertising their jewelry for sale to the consuming public as genuine Hidalgo goods.  In so advertising, Defendants have infringed upon the Plaintiff's exclusive ownership of the Hidalgo Mark.

22.     The Defendants' use of the Hidalgo Mark and Hidalgo Copyright, including the promotion and advertising, distribution and sale of the imitation jewelry is without the Plaintiff's consent or authorization.

23.     Defendants' use of the Hidalgo Copyright without the permission of the Plaintiff constitutes acts of copyright infringement as defined by 17 U.S.C. §501, as they have intentionally, willfully and deliberately copied, distributed and exploited the Hidalgo copyrights without the express or implied permission of the Plaintiff.  Defendants were on constructive notice of Plaintiff's claim of copyright ownership by virtue of the registration identified as Exhibit "B".

24.     As a direct result of Defendants' infringing activities, Defendants have wrongfully derived profits from its exploitation of the Hidalgo Copyright.

25.     Plaintiff has sustained and will continue to sustain substantial damages, injuries and loss to its exclusive rights to the Hidalgo Copyright under the Copyright Act by reason of the Defendants' actions described herein.

26.     Defendants' infringing actions are likely to cause confusion, mistake and deception in the minds of the consuming public.  Moreover, the Defendants' actions are likely to

WOLFE & GOLDSTEIN, P.A. • 550 Brickell Avenue, Penthouse Suite • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116

create a false impression and deceive consumers into believing there is a connection between the Plaintiff's jewelry and the Defendants' imitation jewelry.

27.     The Plaintiff has no adequate remedy at law.

28.     The Plaintiff is suffering irreparable injury and has suffered damages as a result of the Defendants' infringing activities.

29.     The injuries and damages sustained by the Plaintiff have been directly and proximately caused by the Defendants' wrongful advertisement, promotion and sale of their imitation jewelry.

COUNT I
TRADEMARK INFRINGEMENT

Plaintiff incorporates the allegations contained in paragraphs 1-29 as if set forth in full herein.

30.     This is an action for trademark infringement against the Defendants based on the Defendants promotion, advertisement and sale of imitation jewelry using the Hidalgo Mark.

31.     Specifically, the Defendants have promoted, advertised and sold imitation Hidalgo jewelry and are believed to continue to infringe upon the Hidalgo Mark through the sale of imitation jewelry at J. Kugel Designs and jewelry shows around the country.

32.     Defendants' illegal actions constitute infringement of the Hidalgo Mark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the consuming public as to the origin and quality of Defendants' imitation jewelry.

6

34.     The Defendants' unlawful actions in selling the imitation Hidalgo jewelry have caused and are continuing to cause damages to the Plaintiff.

35.     By such wrongful acts, Defendants have and unless restrained by the Court, will continue to cause serious irreparable injury and damage to the Plaintiff.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

Plaintiff incorporates the allegations contained in paragraphs 1-29 as if set forth in full herein.

36.     The Defendants' imitation jewelry is similar in appearance to the Plaintiff's jewelry however the imitation jewelry is inferior in quality.  The Defendants' actions are likely to cause confusion to the general public as to the origin of the imitation jewelry.

37.     The Defendants' infringing use of the Hidalgo Mark in the Defendant's advertisement and sale of their infringing jewelry are in violation of Section 43(a), 15 U.S.C. § 1125(a).

38.     Plaintiff has sustained injury and damages caused by Defendants' conduct, and absent an entry of an injunction, the Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation.

## COUNT III
## COPYRIGHT INFRINGEMENT – PURSUANT TO 17 U.S.C. § 101 ET. SEQ.

Plaintiff incorporates the allegations contained in paragraphs 1-29 as if set forth in full herein.

WOLFE & GOLDSTEIN, P.A. • 550 Brickell Avenue, Penthouse Suite • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116

39.     This is a count for copyright infringement pursuant to 17 U.S.C. §501, et. seq.. Plaintiff seeks damages calculated under 17 U.S.C. §504 based upon Plaintiff's subsequent election of remedies.

40.     Plaintiff seeks recovery of their attorneys' fees as have been necessary to bring this action pursuant to 17 U.S.C. §505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order of the Court:

A.     Granting a preliminary and permanent injunction restraining Julie, Robert and J. Kugel Designs, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it from; infringing Plaintiff's trademark in the name of Hidalgo; unfairly competing with Plaintiff by confusing the public as to rightful ownership of the trademark "Hidalgo"; using the Hidaglo Mark or Hidalgo Copyright, or any mark similar thereto, in connection with the sale of any unauthorized jewelry; from using any trademark which may be calculated to falsely advertise the jewelry of the Defendants as being authorized or endorsed by, or in any way associated with, the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the purchasing public to believe any jewelry of the Defendants are in any way endorsed by, or in any way associated with the Plaintiff; and from otherwise unfairly competing with the Plaintiff.

B.     Directing Julie, Robert and J. Kugel Designs to use its best efforts to recall from the trade and other third parties any and all infringing jewelry and any marketing, advertising and promotional materials used in connection therewith which contain the name Hidalgo or similar designs to the copywritten by the Plaintiff.

WOLFE & GOLDSTEIN, P.A. • 550 Brickell Avenue, Penthouse Suite • Miami, Florida 33131
Telephone: (305) 381-7115 • Facsimile: (305) 381-7116

C.      Directing Julie, Robert and J. Kugel Designs to account to Plaintiff for any and all profits derived by Julie, Robert and J. Kugel Designs from the sales of any jewelry bearing the infringing Hidalgo Mark;

D.      Trebling the amount of such award on account of Julie, Robert and J. Kugel Design's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

E.      Direct Julie, Robert and J. Kugel Designs, Inc. to pay damages calculated pursuant to 17 U.S.C. § 504 based upon the election of Plaintiff;

F.      Awarding Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Julie, Robert and J. Kugel Design's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and 17 U.S.C § 505; and

G.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

WOLFE & GOLDSTEIN, P.A.
550 Brickell Avenue
Penthouse Suite
Miami, Florida 33131
Telephone:    (305) 381-7115
Facsimile:    (305) 381-7116

By_____
        RICHARD C. WOLFE
        Fla. Bar No: 355607
        MARK GOLDSTEIN
        Fla. Bar No: 882186

H:\Hidalgo Corp\pldgs\complaint.doc

9

WOLFE & GOLDSTEIN, P.A. · 550 Brickell Avenue, Penthouse Suite · Miami, Florida 33131
Telephone: (305) 381-7115 · Facsimile: (305) 381-7116

# EXHIBIT A

**Int. Cl.: 14**

**Prior U.S. Cls.: 2, 27, 28 and 50**

Reg. No. 1,976,800

**United States Patent and Trademark Office**  Registered May 28, 1996

## TRADEMARK
### PRINCIPAL REGISTER



HIDALGO CORP. (FLORIDA CORPORATION)
6365 ALLISON ROAD
POST OFFICE BOX 41-4175
MIAMI, FL 33141

FOR: JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST   USE   0-0-1984;   IN   COMMERCE 0-0-1984.

SER. NO. 74-700,727, FILED 7-13-1995.

LESLEY LAMOTHE, EXAMINING ATTORNEY

LEVISOHN, LERNER & BERGER
PLB_____ DKT _____
ASL_____ DATE_____

JUN 0 3 1996

JL _____ ACTION _____
_____ LIB _____
OK-FILE _____ OTHER _____

docketed
6/3/96 HL

# EXHIBIT B

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.

**Form VA**

For a Work of the Visual Arts

**UNITED STATES COPYRIGHT OFFICE**

REGISTRATION NUMBER

_____

VA                    VAU

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|-------|-----|------|



*2003*

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**Title of This Work ▼**

RS6932/RS6627/RS7217/RS6627/RS6932

**NATURE OF THIS WORK ▼** See instructions

JEWERLY DESIGN

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**

Hidalgo Corp.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in __FLORIDA__

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☑ Jewelry design    ☐ Architectural work

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☑ Jewelry design    ☐ Architectural work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

---

**3**

**Year in Which Creation of This Work Was Completed**
2002/03
Year in all cases.
This information must be given

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month **APRIL**   Day **15**   Year **2004**
**USA**
Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Hidalgo Corp.
14 N.E 1 St Ave Suite 805
Miami Fla 33132

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**DO NOT WRITE HERE OFFICE USE ONLY**

See instructions before completing this space.

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
    Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes   ☑ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                                **Account Number** ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

# HIDALGO
**14NE 1st Avenue • Suite 805 • Miami, FL 33132**
**305-379-0110 • 800-954-3030 • Fax: 305-379-0021**

Area code and daytime telephone number   (    )                                     Fax number   (    )

Email

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
                          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Silvio Hidalgo                                                         Date **MAY 06 2004**

**Handwritten signature (X)** ▼

X _____

**Certificate will be mailed in window envelope to this address:**

**Name** ▼
Hidalgo Corp.

**Number/Street/Apt** ▼
14 NE 1st Ave Suite 805

**City/State/ZIP** ▼
Miami, FL 33132

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. August 2003—30,000   Web Rev: June 2002   ♻ Printed on recycled paper                    U.S. Government Printing Office: 2003-496-605/60,023

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

## 95-20476
## CIV-JORDAN
### MAGISTRATE JUDGE BROWN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Hidalgo Corp. *JC* 2005 FEB 17 PM 1:20 | J. Kugel Designs, Julie Sabin A/K/A June A. Kugel K. Moskowitz and Roberto a/k/a Roberto Sabatino |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES) S.D. OF FL - MIAMI

Dade / 05-20476-CIV-Jordan / Brown

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WOLFE + Goldstein, P.A. Penthouse
550 BRickell Avenue,
Miami, FL 33145

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | B☐ 650 Airline Regs | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC 2 1127, Trademark, Copyright + Lanham Act claims
17 USC 2 501

LENGTH OF TRIAL
via 1 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ~~[struck through]~~ DOCKET NUMBER _____

DATE 2/17/05

SIGNATURE OF ATTORNEY OF RECORD ~~[signature]~~

**FOR OFFICE USE ONLY**

RECEIPT # 915710 AMOUNT 250— APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____