UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-20476-CIV-JORDAN

| | |
|---|---|
| HIDALGO CORP. | ) |
| Plaintiffs | ) ) ) |
| vs. | ) |
| J. KUGEL DESIGNS, INC., JULIE SABIN a/k/a JULIE A. KUGEL a/k/a JULIE K. MOSKOWITZ, and ROBERT SABIN a/k/a ROBERTO SABATINO | ) ) ) ) ) ) |
| Defendants | ) ) |



FILED by _____ D.C.

SEP 1 9 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER ON REPORT AND RECOMMENDATION

On February 17, 2005, Hidalgo Corporation ("Hidalgo") filed this suit and moved for a preliminary injunction against the defendants based on their alleged infringing sales of Hidalgo's jewelry. I referred Hidalgo's motion for a preliminary injunction to Magistrate Judge Theodore Klein for a report and recommendation. Following hearings on April 6, 2005, April 8, 2005, and May 6, 2005, Magistrate Judge Klein issued a report and recommendation on May 20, 2005 granting in part and denying in part the motion for preliminary injunction [D.E. 38]. On June 9, 2005, Magistrate Judge Klein issued a sua sponte order of reconsideration and amended report and recommendation, reaching the same legal conclusion, on June 9, 2005 [D.E. 43]. The defendants have filed objections to the original report and recommendations, *see* Def.'s Objections [D.E. 40] but filed no objections to the amended report and recommendation. For the reasons set forth below, Hidalgo's motion for a preliminary injunction [D.E. 2] is GRANTED IN PART AND DENIED IN PART.

### I. STANDARD OF REVIEW

Objections to a magistrate judge's report and recommendation are governed by 28 U.S.C. § 636(b). A district court judge shall make a de novo determination of those portions of the report and recommendations to which objection is made. *See* 28 U.S.C. § 636(b); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) (when a party files timely and specific objections to a magistrate's finding of facts, district courts have an obligation to conduct a de novo review of the record with respect to the factual issues). A party filing objections must specifically identify those findings objected to and

the specific basis for such objections. *See State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 369 F.Supp.2d 1296, 1300 (S.D. Fla. 2005) (citing *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). If an objection fails to identify the specific findings or a specific basis, the district court need not consider it. *Id.* at 1300-01.

## II. BACKGROUND[1]

In his report and recommendation and amended report and recommendation, Magistrate Judge Klein concludes that (1) the defendants improperly represented themselves as authorized Hidalgo dealers when they offered and made sales of the jewelry, and therefore violated the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and (2) the seizure of jewelry under 15 U.S.C. § 1116 was improper with respect to any genuine trademarked Hidalgo jewelry from the defendants.[2] Accordingly, Magistrate Judge Klein also recommends that (1) in any future displays of Hidalgo jewelry, the defendants must clearly show that they have no affiliation with Hidalgo,[3] (2) the defendants cease and desist from advertising and showing three ring stackable sets which contain less than all Hidalgo pieces; (3) 20 items seized, consisting of genuine Hidalgo enamel rings and non-Hidalgo outer diamond bands, should be returned to the defendants, (4) items 72 and 81,

---

[1] In his report and recommendation [D.E. 38] and amended report and recommendation [D.E .43], Magistrate Judge Klein provides a review of the relevant background facts and procedural history of this case. I hereby adopt and deem that review of the background facts and procedural history incorporated into this order.

[2] Specifically, Magistrate Judge Klein determined that the defendants legitimately possessed the Hidalgo items and had a right to sell them (Although not the right to claim they were authorized Hidalgo dealers). Because § 1116 does not apply to seizure of genuine trademarked goods, seizure of the genuine trademarked Hidalgo jewelry from the defendants was therefore improper. *See* June 9, 2005, Amended Report and Recommendation at 9 (hereinafter "Amended R&R").

[3] Specifically, Magistrate Judge Klein recommended that the defendants prominently display a sign at least equal in size and font to the Hidalgo sign which reads: "The Seller is not an authorized dealer of Hidalgo Jewelry and is not affiliated with Hidalgo Jewelry in any way." *See* Amended R&R at 13.

consisting of Hidalgo diamond bands, should be returned to the defendants,[4] and (5) items 28, 66, 67, 71, and 73 should be retained as they appear to be copies of genuine Hidalgo rings.

On June 7, 2005, the defendants filed objection to Magistrate Judge Klein's findings of fact. Notably, the defendants do not object to the entry of a preliminary injunction or the ultimate relief recommended in the report and recommendation. *See* Def.'s Objections at 1 n.1. Rather, the defendants object to certain factual findings made by Magistrate Judge Klein. The defendants' objections are addressed below.

### III. ANALYSIS

The defendants first object to Magistrate Judge Klein's finding that the defendants represented to customers that they were authorized Hidalgo dealers and that they sold mixed ring sets to customers without disclosing that some of the pieces were non-Hidalgo. Although Mr. Sabin testified that he or the defendants have never represented themselves to be authorized Hidalgo dealers, the record supports Magistrate Judge Klein's findings. For example, the defendants, as Mr. Sabin testified, at times displayed three ring sets in the same manner as those displayed in Hidalgo's brochure. *See* Transcript of April 6, 2006, Hearing at 97:22-98:7 [D.E. 35]. In addition, the defendants displayed a sign that says "Hidalgo" with its three ring sets but does not display a sign indicating the brands of the other non-Hidalgo rings sold in such sets. *See id.* at 99:7-10. Thus, as Magistrate Judge Klein states, "[t]here is no signage or other information that would advise a customer that the outer rings [of the three ring sets] are not Hidalgo rings." *See* Amended R&R at 3. The record further shows the defendants displayed Hidalgo sales brochures and jewelry in Hidalgo boxes. *See* Transcript of April 6, 2005, Hearing at 17:4-25; 35:17-36:6.

Furthermore, I defer to Magistrate Judge Klein's determination that Mr. Sabin's testimony was not credible as to whether the defendants did not disclose to customers that some of their pieces were non-Hidalgo. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing

---

[4] Magistrate Judge Klein found that item 72 is a Hidalgo diamond band which is not subject to copyright and trademark protection; only Hidalgo's enamel rings are subject to copyright and trademark protection. *See* Amended R&R at 14. Item 81 is a diamond band that does not appear to be a copy of a protected item. *See id.* at 14-15.

court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (deferring to magistrate judge's credibility determinations) (citation omitted). *See also United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (a district court need not rehear witness testimony when accepting a magistrate judge's credibility findings).

It is also worth noting, in support of Magistrate Judge Klein's findings, that Casino, an authorized retailer of Hidalgo jewelry of which Mr. Sabin owns 50%, purchased from Hidalgo and re-sold Hidalgo merchandise to the defendants for the sole purpose of selling such jewelry at trade shows. *See* Transcript of April 6, 2005, Hearing at 48:10-13. This was done without the knowledge of Hidalgo. *See id.* at 93:22-24. Thus, Casino sells Hidalgo products to the defendants even though Julie Kugel attempted to become an authorized Hidalgo representative but was rejected. *See id.* at 94:22-95:7. In other words, it appears that Casino exists, in Magistrate Judge Klein's words, as "a straw man for the [defendants] to order jewelry after Hidalgo refused to give [them] a dealership." *See* Amended R&R at 4.

Second, the defendants object to the finding that Hidalgo's three-ring stackable set is trademarked. Magistrate Judge Klein subsequently amended his report and recommendation to reflect that only the center enamel ring of Hidalgo's stacked three ring set is trademarked, and that the two narrower diamond bands -- one on each side of the trademarked enamel ring -- are not copyrighted or trademarked. *See* Amended R&R at 2. The amended report and recommendation further explains that although the stacked three ring set as a whole is not trademarked, Hidalgo prohibits dealers from advertising or displaying the trademarked center ring with non-Hidalgo diamond bands in the stacked three ring method promoted and advertised by Hidalgo without clearly designating that the three ring set is not a Hidalgo stackable set. *See id.* at 2-3. Magistrate Judge Klein has therefore made clear that the three-ring stackable set is itself not trademarked. Because the defendants have not objected to Magistrate Judge Klein's findings in his amended report and recommendation, their objection -- with respect to the previous finding that the three ring stackable set is trademarked -- is moot.

Third, the defendants object to the finding that (1) Hidalgo grants dealerships only to high quality jewelry stores with established credit ratings and with permanent physical store locations, and (2) Casino represented to Hidalgo that its business office was relocated to 61 Central Square,

Suite 102, Linwood, New Jersey, when, in fact, it was a post office box located at a UPS store. I agree with Magistrate Judge Klein. The defendants object to the finding that Hidalgo sells only to "high quality jewelry stores" because Silvio Hidalgo testified at his deposition that Hidalgo sells to authorized dealers which sell a range of "very high to low end" jewelry. While I agree with the defendants' description of Mr. Hidalgo's testimony, Magistrate Judge Klein's finding is not contrary to that testimony. Rather, Mr. Hidalgo testified that Hidalgo only deals with "high quality jewelry stores," although such stores, including Bloomingdale's for example, sell inexpensive jewelry in addition to high end jewelry. *See* Hidalgo Dep. at 27:9-28:15. Therefore, a jewelry store that sells inexpensive merchandise could, in fact, be a "high quality jewelry store" with whom Hidalgo does business.

The defendants further contend that Silvio Hidalgo testified at his deposition that Hidalgo "does nothing to confirm whether a prospective retailer has established credit or a physical store location." *See* Objections at 5. The defendants, however, mischaracterize Mr. Hidalgo's testimony. Mr. Hidalgo actually testified that Hidalgo does not check the stores personally to see the quality of jewelry each store sells. *See* Hidalgo Dep. at 28:16-29:12. Mr. Hidalgo did testify, however, that Hidalgo checks the credit of each store authorized to sell Hidalgo jewelry. *See id.* at 30:12-25. Moreover, the record supports Magistrate Judge Klein's finding. For example, Caroline Camus, Hidalgo's head of marketing, testified at the April 8, 2005, evidentiary hearing that Hidalgo only sells to established jewelry stores, *see* Transcript of April 8, 2005, Hearing at 5:10-12 [D.E. 35], and that each authorized dealer must fill out a credit application and have good references, *see id.* at 26:13-28:16. In addition, Aymee Alvarez, Hidalgo's office manager, also testified at the same hearing that Hidalgo checks each store's credit reference and that the store is a "high quality dealer." *See id.* at 34:14-35:13.

Fourth, the defendants take issue with Magistrate Judge Klein's finding that Casino Jewelers represented to Hidalgo that its business office was relocated to 61 Central Square, Suite 102, Linwood, N.J. 08821. Mr. Sabin testified at the evidentiary hearing on April 6, 2005, that the defendants "told Hidalgo [they] were not going to be at the hotel, and they could reach us at 61 Central Square." *See* Transcript of April 6, 2005, at 71:13-21; 92:25-93:1. Accordingly, I find no error in Magistrate Judge Klein's finding.

Fifth, the defendants object to Magistrate Judge Klein's finding that Mr. Hidalgo determined that the rings sent to him by Corrine Lerman were imitations.[5] Mr. Hidalgo states in his declaration that "the rings sold by J. Kugel Designs, Inc. to Ms. Lerman were clearly inferior in color, quality and design and they do not contain the Hidalgo signature alloy and composition." *See* Silvio Hidalgo Decl. at ¶ 4-5 [D.E. 2]. As the defendants point out, however, Mr. Hidalgo testified at his deposition that he does not know for certain whether Ms. Lerman's rings are imitations because he cannot tell unless he cuts each ring and tests the alloy composition of the gold. *See* Hidalgo Dep. at 95:3-97:10. Although Mr. Hidalgo suspects that Ms. Lerman's rings are not genuine Hidalgo rings, particularly because the color of the enamel appears inferior, *see id.* at 96:16-98:20, he does not know for certain that these rings are imitations. Accordingly, I do not adopt Magistrate Judge Klein's finding in whole. Rather, although Magistrate Judge Klein is correct that Mr. Hidalgo did determine that Ms. Lerman's rings were imitation, I amend the finding to include Mr. Hidalgo's acknowledgment that he cannot determine conclusively whether the rings are genuine, although he highly suspects their authenticity.

Finally, the defendants object to Magistrate Judge Klein's finding that they use the same font on their "Hidalgo" sign as that used by Hidalgo on its invoices. In his subsequent amended report and recommendation, Magistrate Judge Klein found that "[t]he font used on the 'Hidalgo' sign is the *same or substantially similar* as that used by Hidalgo on its invoices." *See* Amended R&R at 3 (emphasis added). The defendants have not objected to Magistrate Judge Klein's amended finding that the fonts are the same or substantially similar. Accordingly, their objection is moot.

## IV. CONCLUSION

After a de novo review of the record, Magistrate Judge Klein's amended report and recommendation [D.E. 43] is ratified and adopted in part. All findings of fact and conclusions of law are adopted except for the finding of fact that Mr. Hidalgo determined that the rings sent to him by Corrine Lerman were imitations. Accordingly, Hidalgo's motion for a preliminary injunction [D.E. 2] is GRANTED IN PART AND DENIED IN PART, pursuant to Magistrate Judge Klein's amended report and recommendation [D.E. 43].

---

[5] Hidalgo does not address this objection in its response to the defendants' objections.

DONE and ORDERED in chambers in Miami, Florida, this 14th day of September, 2005.

_____
Adalberto Jordan
United States District Judge

Copy to:     Magistrate Judge Klein
All counsel of record